The judgment is therefore reversed and final judgment is entered for plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

RICHARDS and WILLIAMS, JJ., concur.

PETERS, DIR. OF FINANCE, *v.* THE STATE, EX REL. JAEHN.

(Decided June 13, 1932.)

*Mr. G. P. Openlander,* for plaintiff in error.
*Mr. W. S. Thurstin, Jr.,* for defendant in error.

LLOYD, J. For a number of years prior to January 1, 1925, the relator, Gus F. Jaehn, was an employee of the city of Toledo in the water division. On December 27, 1924, he received an injury which required the amputation of one of his legs below the knee. The city was a contributor to the state insurance fund, and on application therefor Jaehn was awarded $3,600 by the Industrial Commission as compensation for his injuries, and this sum was paid to him from the state insurance fund.

Thereafter Jaehn presented a further claim to the city of Toledo for compensation for his said injuries,

and on February 24, 1926, the council passed an ordinance allowing him an additional $1,000. Later Jaehn sought further compensation for this same injury, and on August 16, 1928, council, again listening to his plea, passed an ordinance allowing him the further sum of $1,500. The sums so allowed were paid, and upon payment thereof Jaehn executed releases in writing whereby he released the city of Toledo from all obligations and claims of every kind and nature arising out of the injuries so received by him. Once more Jaehn appealed to the city and was successful in inducing council to pass an ordinance on May 4, 1931, allowing to him $1,500 more for the same injury for which theretofore he had been compensated three times. A warrant for the amount thus allowed having been refused him by the municipal officers having control thereof, Jaehn on June 20, 1931, commenced an action in mandamus in the court of common pleas to compel the issuance of a warrant for the sum so allowed him by council, and the plaintiff in error now asks this court to reverse the judgment of the court of common pleas.

Jaehn having been compensated for his injuries by the payment of the award allowed him by the Industrial Commission, no legal liability therefor existed on the part of the city; and, if any moral obligation thereafter remained, it was more generously recognized than probably it would have been if its recognition had depended upon individual rather than municipal satisfaction. Public officials, it would seem, should consider themselves rather as trustees than philanthropists, in the appropriation and disbursement of public funds.

The judgment is reversed and final judgment rendered in favor of plaintiff in error.

*Judgment reversed.*

RICHARDS and WILLIAMS, JJ., concur.